## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| **CELESTE REYES, individually and, on behalf of a class of other similarly situated individuals,** | : | |
| | : | |
| | : | |
| | : | |
| **Plaintiff,** | : | **Civil Action No. 25-14263 (JXN) (MAH)** |
| | : | |
| **v.** | : | |
| | : | |
| **AGAINST ALL ODDS, LLC,** | : | **REPORT AND RECOMMENDATION** |
| | : | |
| | : | |
| **Defendant.** | : | |

### I.    INTRODUCTION

This matter comes before the Court by way of Plaintiff Celeste Reyes's ("Plaintiff") motion to remand this matter to state court, pursuant to 28 U.S.C. § 1447(c). Mot. to Remand, Aug. 18, 2025, D.E. 7-1. Defendant New Deal LLC ("Defendant"), improperly pled as Against All Odds, LLC, opposes the motion. Opp'n to Mot. to Remand, Oct. 2, 2025, D.E. 11. Plaintiff replied on October 15, 2025. Pl.'s Reply Br. in Supp., D.E. 12. The Honorable Julien X. Neals, U.S.D.J., referred the motion to the Undersigned for a Report and Recommendation. *See* Local Civ. R. 72.1(a)(2). The Undersigned has considered the matter without oral argument. Fed. R. Civ. P. 78; Local Civ. R. 78.1. For the reasons set forth below, the Undersigned respectfully recommends that the District Court **grant** Plaintiff's motion to remand, **deny** Plaintiff's request for attorney's fees, and **deny** Defendant's request for jurisdictional discovery.[1]

---

[1] A decision to remand is dispositive. *In re U.S. Healthcare*, 159 F.3d 142, 146 (3d Cir. 1998) ("[A]n order of remand is no less dispositive than a dismissal order of a federal action for lack of subject matter jurisdiction where a parallel proceeding is pending in the state court."). The Court therefore respectfully submits the following Report and Recommendation to the Honorable Julien X. Neals, United States District Judge.

## II.    BACKGROUND

On July 8, 2025, Plaintiff initiated this putative class action in the Superior Court of New Jersey, Law Division, Bergen County.  Compl., D.E. 1-1.  Plaintiff alleges Defendant willfully violated the Fair and Accurate Credit Transactions Act of 2003 ("FACTA"), U.S.C. § 1681c(g).  Compl. ¶¶ 36-37, 52, 57.  Plaintiff alleges that on June 23, 2024, after using her credit card in one of Defendant's Staten Island, New York stores, the cashier handed Plaintiff an electronically printed receipt which "displayed more than the last five digits of her credit card account number," in violation of FACTA.  *Id.* ¶¶ 51-52.

On August 7, 2025, Defendant removed this matter to federal court pursuant to 28 U.S.C. §§ 1331, 1332, 1441(a), 1441(b), and 1453.  Notice of Removal, D.E. 1-2.  Defendant asserts the federal forum can appropriately adjudicate Plaintiff's claim under both 28 U.S.C. § 1331, because it arises under FACTA, a federal statute, and 28 U.S.C. § 1332(d)(2), because the complaint satisfies the Class Action Fairness Act's ("CAFA") requirements.  *Id.* at 2.

Thereafter, Plaintiff moved to remand this matter to state court.  Pl.'s Memo. in Supp. of Mot. to Remand, D.E. 7-1, Aug. 18, 2025.  Plaintiff contends she lacks Article III standing to pursue this matter in federal court.  *Id.* at 2.  Specifically, Plaintiff argues her claims fail to assert an injury in fact because Defendant caused no actual damages by printing more than five credit card numbers on the receipt.  *Id.* at 5-6.  Accordingly, Plaintiff asserts this Court lacks jurisdiction to award the statutory and punitive damages she seeks.  *Id.* at 6.  Plaintiff further requests this Court remand the matter back to state court in lieu of dismissal, and that the Court award attorney's fees based on Defendant's improper removal.  *Id.* at 9-10.

Defendant opposes Plaintiff's motion.  D.E. 11.  Defendant argues this Court should employ Federal Rule of Civil Procedure 12(b)(6)'s standard to determine whether Plaintiff has

standing. *Id.* at 7. Defendant asserts "plaintiff's remand motion fails to establish that the complaint does not plausibly allege concrete injury-in-fact." *Id.* at 9. To the contrary, Defendant contends Plaintiff's Complaint alleges three separate injuries in fact: (1) economic harm when making the purchase, (2) subsequent efforts to safeguard personal information, and (3) third-party disclosure. *Id.* at 11, 13, 15. Defendant argues that Plaintiff in this case alleges both tangible and intangible harms, unlike the bare procedural violations which failed to confer standing in other FACTA cases. *Id.* at 16. In the alternative, Defendant asserts the Court should allow jurisdictional discovery on the matter. *Id.* at 19.

## III.   DISCUSSION

### a.   FACTA

FACTA is an amendment to the Fair Credit Reporting Act of 1970, 15 U.S.C. § 1681, *et seq.*, that Congress promulgated to "prevent identity theft, improve resolution of consumer disputes, improve accuracy of consumer records, [and] make improvements in the use of, and consumer access to, credit information . . . ." Pub. L. No. 108-159, 117 Stat. 1952. To prevent identity theft, "FACTA prohibits merchants from printing certain credit and debit card information on receipts." *Long v. Tommy Hilfiger, U.S.A., Inc.*, 671 F.3d 371, 373 (3d Cir. 2012).

"FACTA provides for actual damages and attorneys' fees and costs to remedy negligent violations." *Kamal v. J. Crew Grp., Inc.*, 918 F.3d 102, 107 (3d Cir. 2019). "Willful violators are liable for 'any actual damages . . . or damages of not less than $100 and not more than $1,000,' punitive damages, and attorneys' fees and costs." *Id.* (quoting 15 U.S.C. § 1681n(a)). "FACTA provides concurrent jurisdiction to state and federal courts, so plaintiffs face no

3

statutory barrier to suing in state court." *Thompson v. Army and Air Force Exch. Serv.*, 125 F.4th 831, 835 (7th Cir. 2025) (citing 15 U.S.C. § 1681p).

After Congress passed FACTA, consumers flooded the federal courts with a wave of lawsuits seeking damages based on receipts displaying credit card expiration dates. *Muranksy v. Godiva Chocolatier, Inc.*, 979 F.3d 917, 921 (11th Cir. 2020) (en banc). In response, Congress passed the "Clarification Act." Credit and Debit Card Receipt Clarification Act of 2007, Pub. L. No. 110-241 § 2(a)(4)-(5), 122 Stat. 1565, 1565 (2008). "The Clarification Act offered a subsequent Congress's view that some technical FACTA violations caused consumers no harm: the statute's stated 'purpose' was to protect 'consumers suffering from any actual harm' while also 'limiting abusive lawsuits' that would drive up costs to consumers without offering them any actual protection." *Muranksy*, 979 F.3d at 921 (quoting Clarification Act § 2(b), 122 Stat. at 1566).

### b. Article III Standing

The Court must resolve whether Defendant's "technical violation of FACTA's ban on printing more than the last five digits of a consumer's credit card number . . . is sufficiently concrete to create an Article III case or controversy." *Kamal*, 918 F.2d at 109-10. "No principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 337 (2016) (quoting *Raines v. Byrd*, 521 U.S. 811, 818 (1997)) (internal citations omitted).

Typically, an "element of the case-or-controversy requirement is that [plaintiffs], based on their complaint, must establish that they have standing to sue." *Raines*, 521 U.S. at 818. However, "the party asserting federal jurisdiction in a removal case bears the burden of showing,

at all stages of the litigation, that the case is properly before the federal court." *Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007).

The traditional presumption against removal does not apply when a case is removed under CAFA. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). But, "[a]bsent Article III standing, a federal court does not have subject matter jurisdiction to address a plaintiff's claims . . . ." *Taliaferro v. Darby Twp. Zoning Bd.*, 458 F.3d 181, 188 (3d Cir. 2006). Therefore, in the class-action context, "Article III standing 'is determined vis-a-vis the named parties.'" *McCray v. Fid. Nat'l Title Ins. Co.*, 682 F.3d 229, 243 (3d Cir. 2012) (quoting *Krell v. Prudential Ins. Co. of Am.*, 148 F.3d 282, 306 (3d. Cir. 1998)). In short, the Court must scrutinize the Plaintiff's Complaint at the point of removal to determine whether, in fact, the matter is removable. *Katz v. Six Flags Great Adventure, LLC*, No. 18-116, 2018 WL 3831337, at *4 (D.N.J. Aug. 13, 2018).

### c. Injuries in fact in FACTA cases

The instant matter turns on whether Plaintiff suffered an injury in fact, the first standing requirement. *See Kamal*, 918 F.3d at 110. "In a strange turn of events—albeit a common one in FACTA cases removed to federal court—it is the plaintiff . . . and not the defendant . . . who argues that [he or] she has not alleged an injury in fact and therefore, there is no Article III standing." *Barrientos v. Williams-Sonoma, Inc.*, No. 21-5160, 2023 WL 5720855 (N.D. Ill. Sept. 1, 2023).

An injury in fact requires "'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Spokeo*, 578 U.S. at 339 (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)). The Supreme Court "has rejected the proposition that 'a plaintiff automatically satisfies the injury-in-fact requirement

whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right.'" *TransUnion LLC v. Ramirez*, 594 U.S. 413, 426 (quoting *Spokeo*, 578 U.S. at 341). "Article III standing requires a concrete injury even in the context of a statutory violation." *Id.* (quoting *Spokeo*, 578 U.S. at 341). To sue a defendant for a FACTA violation, the plaintiff must have been "concretely harmed" by that violation. *Id.* at 427.

In *Kamal*, the Third Circuit analyzed a FACTA claim similar to the violation alleged here. The *Kamal* plaintiff alleged that cashiers at three separate J. Crew stores handed him electronically printed receipts that displayed the first six and last four digits of his credit card number, as well as his credit card issuer. 918 F.3d at 107. The plaintiff did "not allege anyone (other than the cashier) saw his receipts" or that "his identity was stolen nor that his credit card number was misappropriated." *Id.* Relying on *Spokeo*, the defendant moved to dismiss on the basis that the plaintiff had failed to allege a concrete injury in fact and thus lacked Article III standing. *Id.* at 107-08. The plaintiff had alleged "two 'concrete' harms: 'the printing of the prohibited information itself and the harm caused by such printing increasing the risk of identity theft.'" *Id.* at 108. The District Court found that plaintiff had not plead a concrete injury in fact and dismissed the complaint. *Id.* at 109.

The Third Circuit affirmed. The Third Circuit reasoned that "the procedural violation is not itself an injury in fact, and [the plaintiff] has not otherwise alleged a risk of harm that satisfies the requirement of concreteness." *Id.* at 113. The Third Circuit rejected the plaintiff's attempt to analogize the alleged injuries to "common law privacy torts and an action for breach of confidence[,]" because the plaintiff had failed to "allege disclosure of his information to a third party." *Id.* at 114. The court found that the plaintiff had not plead a material risk of harm,

and instead had alleged merely a "speculative chain of events" insufficient to confer standing. *Id.* at 117.

Under similar circumstances, other federal circuit courts also have declined to hold that a procedural FACTA violation alone sufficiently alleges a concrete injury in fact. *Katz v. Donna Karan Co.*, 872 F.3d 114, 121 (2d Cir. 2017) (holding "the bare procedural violation in question did not raise a material risk of harm of identity theft" when store printed first six and last four credit card numbers on receipt); *Thomas v. TOMS King (Ohio), LLC*, 997 F.3d 629, 640 (6th Cir. 2021) (same); *Muranksy*, 979 F.3d at 917 (same); *Noble v. Nev. Check Cab Corp.*, 726 F. App'x 582, 584 (9th Cir. 2018) (unpublished) (holding that the printing of the first digit and final four digits of a credit card number "does not involve the sort of revelation of information that Congress determined could lead to identity theft").

Although plaintiffs alleging procedural FACTA violations often lack standing, the claims are not categorically foreclosed from federal court jurisdiction. A plaintiff could allege a concrete injury in fact if the financial information printed on a receipt created actual or material risk of harm. *See Kamal*, 918 F.3d at 116 ("Our analysis would be different if, for example, [the plaintiff] had alleged that the receipt included all sixteen digits of his credit card number, making the potential for fraud significantly less conjectural."). In *Jeffries v. Volume Services America, Inc.*, the plaintiff's entire "sixteen-digit credit card number and credit card expiration date" were displayed on her receipt. 928 F.3d 1059, 1062 (D.C. Cir. 2019). The *Jeffries* court held the "receipt bore sufficient information for a criminal to defraud her." *Id.* at 1066. The court further emphasized that it was impossible for the plaintiff to know upon purchase, "the time at which FACTA measures liability," whether the store would mistakenly print her entire credit card number, "or whether the receipt would end up in the trash for anyone to find or otherwise be

accessed by a malevolent third party (*e.g.*, an employee or fellow customer)." *Id.* The *Jeffries* court noted it was "not necessarily in full agreement with the Third Circuit, which takes the position that FACTA protects an interest in avoiding actual identity theft, rather than *increased risk* of identity theft." *Id.* at 1067 n.3.

### d. Analysis

As a preliminary matter, the Undersigned rejects Defendant's suggestion that the Court should use a Rule 12(b)(6) standard to determine standing. "Because a motion to remand shares an essentially identical procedural posture with a challenge to subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), it is properly evaluated using the same analytical approach." *Papp v. Fore-Kast Sales Co.*, 842 F.3d 805, 811 (3d Cir. 2016). "Caution is necessary because the standards governing the two rules differ markedly, as Rule 12(b)(6) provides greater procedural safeguards for [non-moving parties] than does Rule 12(b)(1)." *Davis v. Wells Fargo*, 824 F.3d 333, 348-49 (3d Cir. 2016). While the party seeking dismissal under Rule 12(b)(6) must establish that the pleading fails to state claim, a party opposing dismissal or remand under Rule 12(b)(1) must prove the existence of subject matter jurisdiction. *Id.* Accordingly, Defendant, as the removing party, bears the burden of showing this Court has subject matter jurisdiction. *See Frederico*, 507 F.3d at 193.

In any event, regardless of whether the Court applies an "anti-removal presumption," D.E. 7, the Court will view "[P]laintiff's pleadings at the time of removal," *Katz*, 2018 WL 3831337, at *4, to determine whether she has Article III standing. Despite Defendant's characterizations of the Complaint, the Undersigned finds Plaintiff fails to allege a cognizable

injury in fact.[2]  Rather, Plaintiff alleges solely a procedural FACTA violation resulting in a heightened risk of identity theft.

### i. Economic Harm

First, Defendant avers the money Plaintiff spent to purchase the unspecified item at Defendant's store constitutes an economic loss because the Complaint states "[h]ad Plaintiff known Defendant would violate the law and infringe upon her privacy rights while transacting business at an Against All Odds store, she would not have made purchases at that store." Compl., D.E. 1-1 ¶ 40.  Defendant cites several non-FACTA cases to support the proposition that economic harm can be derived from a plaintiff making a purchase they otherwise would not have made but for a defendant's violation of law.  *See Carey v. J.A.K. Puppies, Inc.*, 763 F. Supp. 3d 952, 991 (C.D. Cal. 2025) (holding the plaintiffs alleged economic injury in fact when the defendant pet store illegally sold dogs from puppy mills while labeling them as "rescue" dogs); *DaCorta v. AM Retail Grp., Inc.*, No. 14-1748, 2018 WL 557909, at *6 (S.D.N.Y. Jan. 23, 2018) (holding the plaintiff alleged economic injury in fact when purchasing "discounted" boots from the defendant, which actually offered no discount at all); *Borenkoff v. Buffalo Wild Wings*, No. 16-8532, 2018 WL 502680, at *4 (S.D.N.Y. Jan. 19, 2018) (holding a vegetarian plaintiff alleged economic injury in fact when purchasing food fried in beef tallow without notice); *Colpitts v. Blue Diamond Growers*, 527 F. Supp. 3d 562, 575 (S.D.N.Y. 2021) (finding plaintiff alleged economic injury in fact when defendants misled consumers into thinking its smoky-flavored almonds were naturally smoked, rather than artificially flavored).

---

[2]  One of Defendant's affirmative defenses appears to agree.  Ans., D.E. 10, at 16 ("Plaintiff's claim fails to the extent that she suffered no cognizable damage or injury.").

Defendant also relies on *Weichsel v. JP Morgan Chase Bank, N.A.*, 65 F.4th 105, 108 (3d Cir. 2023).  In that case, the plaintiff sued for the defendant's "alleged failure to itemize the annual fees on his credit card renewal notice in violation of the Truth in Lending Act ("TILA")." *Id.* (citations omitted).  After the *Weichsel* plaintiff added an authorized user to his account, the defendant increased the annual renewal fee by $75.  *Id.* at 110.  However, the plaintiff's renewal notice did not separately itemize the charges for the primary and authorized cardholders.  *Id.* The plaintiff argued that "'[h]ad [he] been aware' he could retain access to his credit card for $450, he would have paid only that amount." *Id.* (alterations in original).  While ultimately affirming the district court's dismissal of the TILA claim, the court held that "[b]y alleging monetary harm of $75, Plaintiff has satisfied the injury-in-fact requirement." *Id.* at 111.

Plaintiff's Complaint, read as a whole, fails to allege a monetary injury based on the purchased item.  Rather, the Complaint alleges an injury caused by Defendant's FACTA violation.  In the consumer-fraud cases above, the plaintiffs alleged economic injuries arose when the plaintiffs purchased items from the defendants based on material omissions or deception, *see Carey*, 763 F. Supp. 3d at 991; *DaCorta*, 2018 WL 557909, at *6, or affirmative misrepresentations, *see Colpitts*, 527 F. Supp. 3d at 575, or legal deviations from industry standards without notice, *see Borenkoff*, 2018 WL 502680, at *4.  The injury here did not arise from Defendant's deceptive practices, or misrepresentations, or a legal deviation from an industry norm.  The injury here resulted from Defendant's procedural FACTA violation.

The present case is also distinguishable from *Weichsel* because Plaintiff did not "alleg[e] monetary harm" of any amount.  Despite alleging she would "not have made purchases at [Defendant's] store" "had she known" it would violate FACTA, the Complaint later states "Plaintiff would not have used her credit card to make a purchase at Defendant's retail store."

Compl., D.E. 1-1 ¶ 55. The alleged injury here was not economic—if Plaintiff had purchased the item using cash, there would be no injury. The alleged injury here for which Plaintiff seeks recovery was that Defendant's store printed a receipt which violated FACTA. Accordingly, Plaintiff does not allege an economic injury in fact.

### ii. Safeguarding Information

Defendant then argues Plaintiff suffered an injury in fact due to the subsequent measures she took to safeguard her information. Although Defendant correctly asserts that "allegations of wasted time can state a concrete harm for standing purposes," *see Muransky*, 979 F.3d at 930, Plaintiff does not allege that she spent additional resources to safeguard the receipt at issue. But even if she did, it would not be enough to create an injury in fact. "Where a 'hypothetical future harm' is not 'certainly impending,' plaintiffs 'cannot manufacture standing merely by inflicting harm on themselves.'" *Id.* at 931 (quoting *Clapper v. Amnesty Int'l*, 568 U.S. 398, 416 (2013)). Like the plaintiff in *Muransky*, Plaintiff's "management-of-risk claim is bound up with h[er] arguments about actual risk. If [the] receipt would not offer any advantage to identity thieves, we could hardly say that [s]he was injured because of the efforts [s]he took to keep it out of their hands." *Id.* Plaintiff is less like the plaintiff in *Jeffries*, whose "receipt contained enough information to defraud" her, causing "an injury in fact at the point of sale," 928 F.3d at 1067, and more like the Plaintiff in *Kamal*, because she has not "alleged . . . that the receipt included enough information to likely enable identity theft," 918 F.3d at 116. Accordingly, Plaintiff does not allege an injury in fact due to safeguarding her receipt.

### iii. Disclosure to Third Parties

Defendant's "disclosure to third parties" argument, which analogizes the injury in fact here to a common law claim for breach of confidence, is also misplaced. The "harm underlying

. . . [breach of confidence] actions transpires when a third party gains unauthorized access to a plaintiff's personal information." *Id.* at 114.

Defendant argues Plaintiff's Complaint pleads an injury in fact because it alleges that Defendant "disclos[ed] such information to the employees who provided the receipt, other employees who were present, and to anyone else who viewed the receipt." D.E. 11, at 15 (quoting Compl., D.E. 1-1 ¶ 57). However, paragraph 57 contains a footnote that Defendant does not quote. That footnote reads: "'There are many ways that fraudsters obtain data about us – it may be appropriated by, stolen mail, dumpster-diving, lost or stolen wallets, **shoulder surfing**, burglary, friends, relatives, **unscrupulous employees** . . .' (emphasis added)." *Id.* ¶ 57 n.9 (citations omitted). Clearly, paragraph 57, when read with the footnote, does not allege an actual injury arising specifically from the information's exposure to an employee, but instead lists myriad ways by which third parties could exploit and misappropriate the exposure of such information. Therefore, the Undersigned finds that paragraph 57, taken together with the footnote, does not allege actual third-party disclosure.

The Complaint otherwise does not affirmatively allege or even mention that the receipt was displayed to individuals other than the cashier. Rather than alleging an actual third-party disclosure, the Complaint focuses on the risk of potential exposure, stating "Defendant's conduct alleged herein resulted in the disclosure of Plaintiff's and the Class members' private financial information to persons who might find the receipts in the trash or elsewhere, as well as Defendant's retail employees who handled the receipts." *Id.* ¶ 68. Plaintiff's cause of action additionally states, "By printing numbers other than the last five (5) of the account number of Plaintiff's credit card on transaction receipts, Defendant . . . exposed Plaintiff's private information to others who handled the receipts . . . ." *Id.* ¶ 90.

Accordingly, the Undersigned finds Plaintiff did not allege an injury in fact based on third party disclosure. At best, Plaintiff's Complaint merely speculates that the information on the receipt could potentially have been exposed to others. And the Third Circuit has instructed that a "speculative chain of events" is insufficient to confer standing. *Kamal*, 918 F.3d at 117.

### e. Remand is Required

"Except as otherwise provided by Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "Removal is strictly construed and all doubts are resolved in favor of remand." *Parker v. J Crew Grp., Inc.*, No. 17-1214, 2017 WL 6892919 (D.N.J. Dec. 8, 2017) (citing *Samuel-Bassett v. Kia Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004)) (remanding after removal in a class action case).

Because Plaintiff lacks Article III standing, the Court lacks subject matter jurisdiction over her claims. "And, because subject matter jurisdiction is lacking, remand is mandated under § 1447(c) and the guiding precedent in this Circuit." *Katz*, 2018 WL 3831337, at *9. Therefore, the Undersigned respectfully recommends that the District Court grant the instant motion and remand this matter to the Superior Court of New Jersey, Law Division, Bergen County.[3]

---

[3] Defendant's request for jurisdictional discovery is unwarranted. "District courts have the authority to allow discovery in order to determine whether subject-matter jurisdiction exists." *Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 108 (3d Cir. 2015). The burden of establishing the need for jurisdictional discovery rests on the party requesting it. *Wright v. N.J./Dep't of Educ.*, 115 F. Supp. 3d 490, 497 (D.N.J. 2015). However, "only those [parties] who have provided some basis to believe jurisdiction exists are entitled to discovery on that issue." *Lincoln Benefit Life Co.*, 800 F.3d at 108. Specifically, the requesting party must establish it is "likely to produce the facts needed to withstand a Rule 12(b)(1) motion." *Wright*, 115 F. Supp. 3d at 497. There is no such basis in this matter. Plaintiff's Complaint is sufficiently clear on its face as to the alleged injuries to determine whether an injury in fact

### f.   Attorney's fees

Next, the Court considers Plaintiff's application for attorney's fees.  An order remanding a case "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).  Fees are appropriate "only where the removing party lacked an objectively reasonable basis for seeking removal."  *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005).  Courts maintain broad discretion to award or deny fees, and may grant fee applications regardless of whether removal was in bad faith.  *Stephens v. Gentilello*, 853 F. Supp. 2d 462, 471 (D.N.J. 2012).  However, "[t]he Supreme Court counsels district courts to only award attorney's fees in 'unusual circumstances' where the 'removing party lacked an objectively reasonable basis for seeking removal.'"  *Curley v. Mercury Ins. Servs., LLC*, No. 21-12259, 2022 WL 445633, at *6 (D.N.J. Feb. 10, 2022) (quoting *Martin*, 546 U.S. at 141).  Typically, courts award attorney fees where it is clear that the complaint does not state a claim removable to federal court, or where minimal research would have revealed the impropriety of removal.  *Little League Baseball, Inc. v. Welsh Publ'g Grp. Inc.*, 874 F. Supp. 648, 656 (M.D. Pa. 1995); *see also Ingemi v. Pelino & Lentz*, 866 F. Supp. 156, 163 (D.N.J. 1994).

The Court cannot conclude that Defendant's removal was objectively unreasonable.  The award of such fees is a discretionary matter, and, because the Court cannot conclude that Defendant's removal petition was frivolous or insubstantial, attorney's fees are inappropriate. Defendant's brief suggests research was conducted to support Defendants' belief that they possessed a reasonable basis behind their removal, despite this Court's eventual

---

exists, Defendant has not established the existence of an unresolved factual question for which discovery is necessary to assess whether there is federal jurisdiction.

recommendation. Accordingly, the Undersigned respectfully recommends the District Court "give[] Defendant[] the benefit of the doubt" and exercise its discretion to not impose fees under 28 U.S.C. § 1447(c). *See Platkin v. Exxon Mobil Corp.*, No. 22-6733, 2023 WL 4086353, at *4 (D.N.J. June 20, 2023).

## IV.    CONCLUSION

For the reasons set forth above, the Undersigned respectfully recommends that the District Court **grant** Plaintiff's motion to remand to the Superior Court of New Jersey, Law Division, Bergen County, and **deny** Plaintiff's request for attorney's fees.

The parties have fourteen days to file and serve objections to this Report and Recommendation. *See* 28 U.S.C. § 636; L. Civ. R. 72.1(c)(2).

**IT IS ORDERED** that the Clerk of the Court shall **TERMINATE** the Motion to Remand, D.E. 7, and activate this Report and Recommendation for the District Court's review.

s/ Michael A. Hammer_____
**Hon. Michael A. Hammer,**
**United States Magistrate Judge**

**Dated**: October 29, 2025